## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**KENNETH A. JONES and**
**DEALVA JONES,**

  **Plaintiffs,**

**vs.**           **CASE NO.  5:06cv191-RS/MD**

**HASHEM A. MUBAREK, M.D. and**
**MAHER AYOUBI, M.D.,**

  **Defendants.**

_____/

## <u>ORDER</u>

Before me are Arthur Morrison's Motion to Lift the Order of Contempt
(Doc. 41 and Doc. 42), and Supplemental Memorandum and Affidavits in Further
Support Following the Hearing on Mr. Morrrison's Motion to Lift the Order of
Contempt (Doc. 48).  An evidentiary hearing was held on this matter on May 27,
2008.

## I. FACTS

Arthur Morrison is an attorney who has been practicing for forty-four years.
He is admitted to practice in four federal courts and has access to the federal
electronic docket.  However, Morrison claimed that he did not have access to file
electronically in the Northern District of Florida because he did not have a

password.  Morrison also claims that he did not receive any electronic notifications in this case, but did receive many of the orders by mail.

On September 21, 2006, this medical malpractice case was transferred to the Northern District of Florida from the Southern District of New York with Morrison listed as the attorney of record for the plaintiffs.  The following day, Notice to Counsel (Doc. 2) was provided to Morrison to apply for admission to the Northern District of Florida and that filing of documents electronically was mandatory.  Morrison did not comply with Notice to Counsel (Doc. 2).

On October 24, 2006, Morrison was ordered to comply with the requirements to be admitted by November 8, 2006. (Doc. 7).  This order was mailed directly to: Arthur Morrison at Morrison Law Offices of Westchester, P.C., 11 Skyline Dr, Hawthorne, NY 10532.  Morrison did not file his Response (Doc. 10) until November 15, 2006, six days past the deadline.  In his Response dated November 15, 2006 (Doc. 10), Morrison stated that he "completed the Tutorial," and that he "printed out a copy of the Local Rules."  However, in order to be admitted to the Northern District of Florida, the N.D. Fla. Loc. R. 11.1 requires completion of two tutorials, filing a certificate of good standing, and payment of the admission fee.  While Morrison did pay the admission fee, he did not provide a certificate of good standing, and it was not clear from his Response dated November 15, 2006 (Doc. 10), which tutorial he completed.

On November 16, 2006, Morrison was ordered "to show cause not later than November 30, 2006, why his appearance on behalf of the plaintiffs should not be denied because of failure to comply with the court's Order (Doc 7.) and the requirements of N.D. Fla. Loc. R. 11.1." (Doc. 11).  This order dated November 16, 2006 (Doc. 11), was mailed to Morrison.  At the evidentiary hearing, Morrison admitted, through his attorney, to receipt of the order dated November 16, 2006. (Doc. 47).  On November 28, 2006, Morrison's Response included a certificate of good standing, but, again, stated that he "completed the Tutorial." (Doc. 14).  Again, it was not clear which tutorial he completed – the Local Rules or the CM/ECF tutorial.  Morrison claims he spoke with a male clerk on the phone who confirmed receipt of the Response dated November 28, 2006. (Doc. 47).  Arthur Morrison claims he told the male clerk that he had completed both tutorials, but he does not allege that the male clerk told him not to file the appropriate documentation in order to comply with the order dated November 16, 2006. (Doc. 47).  At that time, Morrison was still not in compliance with the Court's order and N.D. Fla. Loc. R. 11.1.

On December 7, 2006, Morrison was ordered to "provide confirmation or certification that he has completed both the Local Rules tutorial and the CM/ECF tutorial not later than December 15, 2006." (Doc. 16).  This order dated December 7, 2006, was mailed to Morrison.  At the evidentiary hearing, Morrison admitted,

through his attorney, that he received the order dated December 7, 2006 and that he did not make any attempt to comply or even follow-up. (Doc. 47).

On December 19, 2006, Morrison was ordered to "show cause not later than December 29, 2006, why he should not be disqualified from appearing on behalf of plaintiffs in this court because of his failures to comply with this court's orders of November 16, 2006 (Doc. 11) and December 7, 2006 (Doc. 16)." (Doc. 18). The order dated December 19, 2006, was mailed to Morrison at the same address used in prior mailings. At the evidentiary hearing, Arthur Morrison was unclear as to whether he received the order dated December 19, 2006. (Doc. 47). Morrison, again, made no attempt to comply or follow-up.

On January 4, 2007, Morrison was disqualified from appearing on behalf of the plaintiffs, and the action was stayed for twenty days for new counsel to file a notice of appearance or for plaintiffs to file notice to proceed *pro se*. (Doc. 20). The order dated January 4, 2007, was mailed to the address on file for the plaintiffs and Morrison. At the evidentiary hearing, Morrison admitted that he received the order dated January 4, 2007. (Doc. 47). However, the order dated January 4, 2007, mailed to the plaintiffs was returned as undeliverable. Therefore, in an order dated February 1, 2007, the case was stayed until February 28, 2007, to provide more time for plaintiffs to cause their new counsel to file a notice of appearance or file notice that they intend to proceed *pro se*. (Doc. 23). The order dated February 1,

2007, was mailed to all available addresses for the plaintiffs, but all mailings came back as undeliverable.

On March 2, 2007, plaintiffs were ordered to show cause why this case should not be dismissed and Morrison was ordered to deliver a copy of this order to plaintiffs within seventy-two hours and file proof of his compliance with the court. (Doc. 27).  The order dated March 2, 2007 was faxed and mailed to Morrison.  At the evidentiary hearing, Morrison admitted that he received this order. (Doc. 47).  However, Morrison did not make any effort to comply.

On March 27, 2007, Morrison was ordered "to show cause not later than April 9, 2007, why he should not be held in contempt for failure to comply with the Court's Order dated November 16, 2006 (Doc. 11), December 7, 2006 (Doc. 16), and March 2, 2007 (Doc. 27), and shall further show cause why his failure to comply with the Court's Orders should not be reported to the Appellate Division of the Supreme Court in New York and the New York State Bar Association." (Doc. 31).  At the evidentiary hearing, Morrison admitted that he received this order. (Doc. 47).  However, Morrison failed to comply with the order.  Therefore, on April 10, 2007, Arthur Morrison was found in civil contempt. (Doc. 33).

Based on a motion by defendants, the case was dismissed on April 30, 2007. On May 1, 2008, Morrison notified this Court that he had reopened the case in the Southern District of New York with Senior Judge Thomas Griesa. (Doc. 37).

Morrison's notification included a copy of the electronic docket sheet from the Southern District of New York.  On May 17, 2007, a letter from Arthur Morrison was received, which, again, stated he "completed the computer-based tutorial." (Doc. 38).  On June 11, 2007, the Southern District of New York withdrew its order reopening the case. (Doc. 40).

At the evidentiary hearing, Morrison claims he did not know he had been held in civil contempt until he was notified by New York Bar Grievance Committee "towards the end of 2007." (Doc. 47).  On March 18, 2008, Arthur Morrison filed his Motion to Lift the Order of Contempt (Doc. 41 and Doc. 42).  An evidentiary hearing was held on that motion on May 27, 2008.  On June 10, 2008, Arthur Morrison filed Supplemental Memorandum and Affidavits in Further Support Following the Hearing on Mr. Morrrison's Motion to Lift the Order of Contempt (Doc. 48).  Arthur Morrison admitted the he never once looked at the electronic docket despite the fact that he knew he had access.

## II. ANALYSIS

While it is unclear whether Arthur Morrison received the order dated December 19, 2006, he admitted to receiving the orders dated October 24, 2006; November 16, 2006; December 7, 2006; January 4, 2007; March 2, 2006; and March 27, 2007.  However, Morrison did not comply with the orders dated October 24, 2006; November 16, 2006; December 7, 2006; January 4, 2007; March

2, 2006; and March 27, 2007.  In fact, according to Arthur Morrison's own testimony, he did not make any attempt to communicate with this Court from November 28, 2006 to May 1, 2007.

Even after receipt of the order dated March 27, 2007, where Arthur Morrison was ordered to show cause why he should not be held in contempt for failure to comply with numerous orders, he made no attempt to communicate with this Court or even look at the electronic docket.

At the evidentiary hearing, Arthur Morrison testified that he first became aware that he had been held in civil contempt towards the end of 2007 when notified by New York Bar Grievance Committee. (Doc. 47).  Yet, he did not file anything with this Court regarding the civil contempt until March 18, 2008. (Doc. 42).  A delay in responding to an order of civil contempt by at least three months seems most unusual.  Arthur Morrison argues that he had no interest in representing the plaintiffs once the case was transferred to the Northern District of Florida, yet he attempted to comply with admission requirements including paying the $170.00 admission fee.

I find Arthur Morrison to be not credible.  Even based on Arthur Morrison's own testimony, he deliberately ignored numerous orders.  I find the behavior of having a Senior Judge in the Southern District of New York "reinstate" this case

without basis most unusual.  His repeated inaction and non-compliance with numerous orders demonstrated blatant disrespect for this Court.

### III. Conclusion

Attorney Morrison's Motion to Lift the Order of Contempt (Doc. 41 and Doc. 42) is **denied**.  Arthur Morrison remains in civil contempt.  The clerk is direct to provide a copy of this Order to the Appellate Division of the Supreme Court in New York and the New York State Bar Association.


**ORDERED** on July 22, 2008.


/S/ Richard Smoak_____
**RICHARD SMOAK**
**United States District Judge**