IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

---

No. 08-14623
Non-Argument Calendar

---

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 10 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00191-CV-4-RS-MD

IN RE:    ARTHUR MORRISON,

Appellant.

---

KENNETH A. JONES,
DELVA JONES,

Plaintiffs,

versus

M.D. HASHEM A. MUBAREK,
M.D. MAHER AYOUBI,

Defendants.

---

Appeal from the United States District Court
for the Northern District of Florida

---

(February 10, 2009)

Before BIRCH, HULL and FAY, Circuit Judges.

PER CURIAM:

Arthur Morrison, a New York attorney representing the plaintiffs in the instant diversity action, appeals from the district court's order denying his motion to lift an order holding him in civil contempt. For the reasons set forth below, we dismiss Morrison's appeal for lack of jurisdiction.

## I.

In January 2005, Kenneth and Dealva Jones brought a medical malpractice action in federal court in the Southern District of New York. Counsel of record for the plaintiffs in this action was Arthur Morrison, an attorney based in Hawthorne, New York. In July 2005, the parties entered a stipulation agreeing to transfer the case to the Northern District of Florida.

When the case was transferred to Florida, the Clerk's Office immediately instructed Morrison, who was still the counsel of record for the plaintiffs, that he needed to qualify for admission to the court under N.D. Fla. R. 11.1.[1] The district court entered orders on November 16, 2006, and December 7, 2006, instructing

---

[1] In order for an attorney not licensed in Florida to appear pro hac vice under Rule 11.1, that attorney must: certify that he has completed a computer-based tutorial on the local rules and a computer-based tutorial on the CM/ECF electronic filing system; submit a certificate of good standing from the bar of any state or federal district; and pay an admission fee. See N.D. Fla. R. 11.1(C)(2).

2

Morrison to comply with the local rule, and, unsatisfied with Morrison's efforts to comply, the court disqualified him from appearing in the case on January 4, 2007.

After unsuccessfully attempting to locate the plaintiffs, the court then entered an order on March 2, 2007, instructing the plaintiffs to show cause no later than March 23, 2007, as to why their action should not be dismissed for failure to prosecute. In this order, the court also instructed Morrison to deliver a copy of the order to the plaintiffs, and it warned that his failure to do so would be reported to the New York Bar Association. The record reveals that Morrison, through no fault of his own, was also unable to locate the plaintiffs at this time.

After receiving no response from Morrison to its order of March 2, the district court entered an order on March 27, 2007. The court ordered Morrison:

> to show cause not later than April 9, 2007, why he should not be held in contempt for his failure to comply with the Court's Order dated November 16, 2006, December 7, 2006, and March 2, 2007, and shall further show cause why his failure to comply with the Court's Orders should not be reported to the Appellate Division of the Supreme Court in New York and the New York State Bar Association.

On April 10, 2007, and having received no response from Morrison, the district court found Morrison in "civil contempt for failure to comply with the Order dated November 16, 2006, the Order dated December 7, 2006, and the Order dated March 2, 2007." The court directed the Clerk to forward its order to the New York State Bar Association.

3

On April 30, 2007, the court granted the defendants' motion to dismiss the underlying action without prejudice. Morrison, apparently unaware of this ruling or that he had been held in contempt of court, continued to update the court on his efforts to comply with the court's March 2 order – such as writing letters to the plaintiffs, filing a motion to reopen in New York, and referring the plaintiffs to a Florida medical malpractice attorney – until the plaintiffs ultimately notified him that they did not intend to pursue the case.

In March 2008, Morrison, through counsel, moved the court to set aside its previous order of civil contempt, pursuant to Fed.R.Civ.P. 55(c) and 60(b). The court held a hearing on Morrison's motion. During this hearing, Morrison and his attorney rehashed the proceedings in an attempt to explain that Morrison had no intention of disrespecting the court or of violating any of the court's orders. The district court denied Morrison's motion, finding him "to be not credible" and emphasizing that he deliberately ignored numerous orders. Because the court found that Morrison's "repeated inaction and non-compliance with numerous orders demonstrate[d] blatant disrespect" towards the court, the court denied Morrison's motion and stated that he "remain[ed] in civil contempt." The court again ordered the Clerk to forward a copy of the order to the New York State Bar Association. This appeal followed.

## II.

"We are required to examine our own jurisdiction sua sponte. We review jurisdictional issues de novo." Adams v. Monumental General Cas. Co., 541 F.3d 1276, 1277 (11th Cir. 2008) (internal citation omitted).

In United States v. McCorkle, the district court adjudged an attorney in civil contempt for his failure to comply with a court order. 321 F.3d 1292, 1295-96, 1298 (11th Cir. 2003). Instead of imposing a fine or incarceration, the district court's only sanction was to refer the attorney to the Florida Bar for potential disciplinary action. Id. at 1296, 1298. The attorney appealed the district court's contempt order, but we dismissed the appeal for lack jurisdiction. Id. at 1299. We explained that "[a] mere reprimand and referral to a state bar disciplinary committee is not a contempt adjudication." Id. at 1298. Thus, because "the district court did not impose any sanction at all," we concluded that "the district court's order [wa]s not an appealable judgment of contempt." Id. at 1299.

## III.

In this case, as in McCorkle, the district court's only sanction was to refer Morrison to the New York Bar Association for potential disciplinary action. Thus, despite the fact that the court purported to hold Morrison in civil contempt, the court's order was "not a contempt adjudication" under McCorkle. Accordingly,

5

we dismiss this appeal for lack of jurisdiction.[2]

## DISMISSED FOR LACK OF JURISDICTION.

---

[2] Although we lack jurisdiction over Morrison's appeal, we note that we are troubled by the district court's purported use of its contempt authority in this case. As to the first basis of the court's finding of contempt, there was much discussion at the hearing regarding whether Morrison intended to, and in fact did, comply with the court's pro hac vice-related orders. Regardless of how that issue is resolved, the district court disqualified Morrison on this basis in January 2007. Thus, it is unclear why it was necessary to hold Morrison in contempt in April 2007 for the same conduct that had already led to his disqualification three months earlier. See United States v. Wilson, 421 U.S. 309, 319, 95 S.Ct. 1802, 1808, 44 L.Ed.2d 186 (1975) ("We adhere to the principle that only [t]he least possible power adequate to the end proposed should be used in contempt cases.") (quotation omitted).

As to the court's second basis of contempt, the court failed to recognize that its March 2 order placed Morrison in a difficult ethical position because it required him to act as the plaintiffs' attorney in an action from which he had previously been disqualified. In addition, it appears that Morrison was incapable of complying with the court's order because, like the court, and through no fault of his own, he was unaware of the plaintiffs' location at that time. Nonetheless, despite these two obstacles, Morrison immediately wrote the plaintiffs letters and then, after soliciting advice on how to handle the ethical situation, filed a motion to reopen the case in New York. Contrary to the court's view, it does not appear that Morrison filed that motion out of disrespect for the court, but rather did so in an attempt to comply with the court's order, as evidenced by the fact that he contemporaneously notified the court of the motion and its limited purposes. Finally, it is noteworthy that Morrison did not deliberately ignore the court's March 27 order to show cause, because he was unaware of its existence and, in fact, was unaware that he had been found in contempt until several months after the fact.

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia  30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

February 10, 2009

William McCool
Clerk, U.S. District Court
30 W GOVERNMENT ST STE 205
PANAMA CITY  FL  32401-2739

**Appeal Number: 08-14623-EE**
Case Style: Kenneth A. Jones v. Hashem A. Mubarek
District Court Number:  06-00191 CV-4-RS-MD

The enclosed certified copy of this Court's order dismissing the appeal for lack of jurisdiction is issued as the mandate of this court. See 11th Cir. R. 40-4 and 11th Cir. R. 41-4.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: Brenda Wiegmann (404) 335-6174

Encl.

OFFICE OF CLERK
U.S. DISTRICT CT
NORTHERN DIST. FLA.
PANAMA CITY, FLA.

09 FEB 11  PM 12: 36

FILED

DIS-4  (3-2005)